IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHALAT MORRISON,

    Plaintiff,

v.

                                                                                          CASE NO. 5:11-CV-249-MP-GRJ

BUSS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    Plaintiff, a Florida Department of Corrections (DOC) inmate, initiated this case by filing a complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff has moved for leave to proceed as a pauper (Doc. 2) and requested appointment of counsel. (Doc. 3.) Upon consideration of Plaintiff's claims, it is recommended that this case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

## Plaintiff's Allegations

    Plaintiff alleges that in October 2008 another inmate stabbed him in the face with a pen and hit him in the head with a lock. He was taken to medical, where his stab wound was cleaned and dressed. Plaintiff was placed under observation for 24 hours and then transferred to disciplinary confinement. Plaintiff's wound became infected and received 10 days of penicillin treatment. On November 6, 2008, Plaintiff wrote a formal grievance challenging the disciplinary report he received in connection with the fight that resulted in his injuries. Plaintiff complained that he was defending himself and that the disciplinary report was unfair. His grievance was denied. In March 2009, Plaintiff

noticed a painful lump "under [his] nose in [his] gum area." On April 13, 2009, he reported to dental sick call. X-rays were taken and showed that the tip of the pen was lodged in his face. Plaintiff was presented with papers to sign in order to go to the medical and reception center to have the pen tip removed. Plaintiff refused to consent to go to the medical facility for removal of the pen tip, wanting instead to consult with his mother first. Plaintiff said "he let the issue drop" due to fear of reprisal and an ongoing attempted escape investigation, but the pain increased.

Approximately a year and a half after he was first offered the opportunity to have the pen tip removed, Plaintiff filed a grievance on September 9, 2010, complaining that even though Defendant Capt. Abel and the prison dental department were aware that he had a pen tip in his face, they had not addressed the issue. This grievance was returned without action because it contained issues that should be addressed with the medical department. In October 2010, Plaintiff went to sick call complaining of the pen tip in his face. Defendant Parker, a nurse practitioner, wanted to send Plaintiff to the reception and medical center to have the pen tip removed. Plaintiff again refused to go to the medical facility, concerned it would affect his transfer and ability to see his family. Defendant Parker sent Plaintiff to the dentist the same day. Defendant Meyers, a dental assistant, also offered Plaintiff the forms to sign so he could go to the reception and medical center for removal. Plaintiff again refused to sign the papers. Shortly thereafter, Plaintiff was seen by a dentist, who made a small incision and removed the pen tip.

Plaintiff initiated the instant lawsuit on July 19, 2011, naming several defendants, including the Florida Department of Corrections secretary; the secretary's

representative; the Apalachee warden and assistant warden; correctional officers Abel, Long, Collins, Alford, and Drogen; and medical staff Parker, Odom, Baldridge, and Meyers.  Plaintiff does not allege specific constitutional violations, stating that he is "not educated in federal or constitutional law" and does not have access to "federal law standards."  Plaintiff asks the Court "to correct the on-going negligent care of inmates in the Florida Dept. Of Corrections."  For relief, Plaintiff requests compensation for pain, suffering, and disfigurement.  (Doc. 1).

## Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2), "notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted."

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory

allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Iqbal*).

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment prohibition against cruel and unusual punishment.   To establish an Eighth Amendment violation stemming from the deprivation of medical attention, the prisoner must set forth evidence of an objectively serious medical need and prove that the officials acted with attitudes of deliberate indifference to his needs. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003).  A claim that a prisoner has been deprived of medical attention requires that the prisoner demonstrate (1) "an objectively serious medical need," so grave that, "if left unattended, poses a substantial risk of serious harm," and (2) that the officials' response was so inadequate as to "constitute an unnecessary and wanton infliction of pain," and was not "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000).  "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual

Punishments Clause[.]" *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Generally, an inmate who receives a medical diagnosis and care, but desires a different diagnosis or treatment, cannot show deliberate indifference. *Hamm v. DeKalb County*, 774 f.2d 1567, 1575 (11th Cir. 1985); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir.1991)*; see also Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) ("[A]s *Estelle* teaches, the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment is a 'classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment.") (quoting *Estelle* 429 U.S. at 107)); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) ("'[W]e disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment. Along with all other aspects of health care, this remains a question of sound professional judgment.'") ( quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)); Chance *v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998) ( "[i]t is well-established that mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation."); *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir.1988) ("Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice.").

## Discussion

Although Plaintiff does not specifically allege a constitutional violation, it appears that he asserts an Eighth Amendment deliberate indifference claim related to the

treatment of his stab wound.  Assuming, *arguendo*, that his stab wound and resulting complications from the pen tip remaining in his mouth gave rise to an objectively serious medical need, he has not alleged a deprivation of that need that is cognizable under the Eighth Amendment.  Plaintiff received emergency treatment for his stab wound and head injury: cleaning, dressing, and medical observation.  When the wound became infected, Plaintiff was given 10 days of antibiotic treatment.  Plaintiff noticed a painful lump in March 2009 and waited until April 13, 2009 to go to dental sick call.  When the pen cap remnant was discovered, Plaintiff was promptly offered the opportunity to go to the medical and reception center for treatment.  Plaintiff refused.  Plaintiff then "dropped the issue" and waited a year and a half to return to sick call for the problem, according to his Complaint.  Defendant Parker once again offered Plaintiff offered the opportunity to go to the medical and reception center for treatment.  Plaintiff refused for a second time, so Defendant Parker sent him to the dental department.  Plaintiff was, for the third time, offered the opportunity to go to the reception and medical center, this time by Defendant Meyers.  Plaintiff again refused.  Fifteen minutes later, a dentist removed the pen tip from Plaintiff's mouth and Plaintiff's pain was alleviated.  (Doc. 1).

     These facts do not give rise to a viable Eighth Amendment claim.  Plaintiff received medical care and was offered the chance to go to the reception and medical center on three occasions.  Plaintiff refused on all three occasions.  The delay in treatment was due to Plaintiff's persistent refusal to consent to go to the reception and medical center for treatment and, from the facts alleged in his Complaint, his own failure to seek treatment.  Plaintiff has a right to refuse medical treatment.  However, he

*Case No: 5:11-cv-249-MP-GRJ*

cannot refuse medical treatment and then claim that he was denied medical care.  *See, e.g. Palmer v. Hemphill,* 2011 U.S. Dist. LEXIS 72316 (M.D. Fla. July 6, 2011) (opining that an inmate "cannot refuse medical treatment and then complain about the consequences that result from his refusal.") (citing *Grissom v. Rohling*, No. 10-3134-Sac, 2010 U.S. Dist. LEXIS 96573, 2010 WL 3721777 (D. Kan. 2010)).

Furthermore, to the extent Plaintiff alleges a constitutional violation because a dentist at Apalachee CI did not remove the pen tip earlier, the decision as to the type of treatment that is provided is a "classic example of a matter for medical judgment," that does not provide a basis for Eighth Amendment liability.  *Estelle* 429 U.S. at 107 ("A medical decision not to order an x-ray, or like measures, does not represent cruel and unusual punishment.").   Medical staff determined that the appropriate treatment course was to send Plaintiff to the reception and medical center for care.  Plaintiff repeatedly refused, choosing to put other matters important to him before treatment for the pen tip wound.  Plaintiff has no constitutional right to dictate the location and manner of his medical treatment.  Plaintiff's desire for a different treatment reflects a disagreement with the medical judgment of prison healthcare providers, but provides no basis for Eighth Amendment liability.

Accordingly, the Court concludes that the allegations of the complaint fail to state an Eighth Amendment claim upon which relief may be granted.

It is respectfully **RECOMMENDED** that:

1. This case be **DISMISSED** pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2. Plaintiff's motion for leave to proceed informa pauperis (Doc. 2) be

**GRANTED** for the limited purposes of screening his claims.

3.  Plaintiff's motion for appointment of counsel (Doc. 3) be **DENIED AS MOOT.**

**IN CHAMBERS**  this 12th day of October 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**